848

Hopkins, Acting P. J., Martuscello, Latham, Brennan and Benjamin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES PETE ALSTON, Appellant.—

No opinion. Christ, P. J., Rabin, Munder and Latham, JJ., concur; Hopkins J., dissents and votes to reverse the order and to remit the proceeding to the Criminal Term for a hearing, with the following memorandum: In my opinion, under the circumstances of this record, defendant is entitled to a hearing.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS HENRY BLOETH, Appellant.—

No opinion. Rabin, Acting P. J., Munder, Martuscello, Kleinfeld and Benjamin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS HENRY BLOETH, Appellant.—

Rabin, Acting P. J., Munder, Martuscello, Kleinfeld and Benjamin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. THOMAS M. MILO, Respondent.—

No opinion. Christ, P. J., Hopkins, Latham and Brennan, JJ., concur; Munder, J., dissents and votes to reverse the order, reinstate the indictment and order a new trial, with the following memorandum: Defendant was charged in a short form indictment with having committed the crime of coercion in violation of section 530 of the former Penal Law. He made a pretrial motion for a bill of particulars seeking, *inter alia*, (a) the name or names of the person or persons it was claimed he had threatened or coerced, (b) the words or actions of his that it was claimed constituted the crime and (c) the date and time when and the place where the crime was allegedly committed. He also requested particulars with respect to other items which need not be set forth since it is the consensus of this court that he was not entitled to them. The District Attorney agreed to furnish the particulars requested in (a) and (c), except as to the time of the commission of the alleged crime, and otherwise opposed the motion. The County Court, Westchester County,